[826 NYS2d 306]

In the Matter of GREGORY DESOUSA, an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE NINTH JUDICIAL DISTRICT, Petitioner.

Second Department, October 31, 2006

*Gary L. Casella,* White Plains (*Antonia Cipollone* and *Matthew Renert* of counsel), for petitioner.

*Bender Jenson Brennan & Silverstein, LLP* (*Timothy J. Brennan* of counsel), for respondent.

## OPINION OF THE COURT

Per Curiam.

The petitioner served the respondent with a petition dated January 14, 2005, containing four charges of professional misconduct. After a hearing on September 27, 2005, and September 29, 2005, the Special Referee sustained all four charges. The petitioner moves to confirm the Special Referee's report and to impose such discipline upon the respondent as the Court deems just and proper. The respondent cross-moves to disaffirm the report of the Special Referee and dismiss the petition.

Charge One alleges that the respondent has engaged in conduct involving dishonesty, fraud, deceit, or misrepresentation by exerting undue persuasion over Alice Fonte and/or overreaching by acquiring or attempting to acquire an interest in Ms. Fonte's bank and/or securities accounts as joint owner and/or by power of attorney, in violation of Code of Professional Responsibility DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7]).

The respondent knew Alice Fonte, an 83-year-old widow, for approximately 25 years. Between approximately 1991 through 1995 he acted as her attorney in at least two unrelated legal matters. In or about 1994, the respondent began to assist Ms. Fonte with her financial affairs, at her request, by paying her bills. Since 2003, he spoke with her regularly and visited her almost daily. The respondent has prepared Ms. Fonte's income tax returns, has aided her in arranging repairs and services for her car and home, and regularly makes purchases of groceries and pharmacy items on her behalf.

The respondent testified that Ms. Fonte has been treated for depression with shock treatment and antipsychotic medication.

With respect to one or more of the following financial accounts or investments, the respondent allegedly exerted undue

influence over Ms. Fonte by arranging, transferring, or attempting to transfer her assets into vehicles which would benefit him:

(1) Dime Savings Bank/Washington Mutual—checking, savings and CD accounts of Ms. Fonte and the respondent, with power of attorney—the respondent executed the power of attorney and signature cards for these accounts on or about September 26, 1994;

(2) Bank of New York—joint priority savings and instant credit accounts for which the respondent executed signature cards on or about July 31, 2001;

(3) JB Hanauer & Co. Securities—Ms. Fonte and the respondent as joint tenants with right of survivorship; the respondent executed the joint securities account agreement on or about October 5, 1998;

(4) New York Life Insurance and Main Stay Funds with the respondent as designated beneficiary;

(5) Presidential Life Insurance, with the respondent as designated beneficiary;

(6) the deed to Ms. Fonte's residence.

The respondent did not advise Ms. Fonte of the ramifications of placing his name on any of these accounts or investment vehicles. He never advised Ms. Fonte to seek the advice of independent counsel prior to having his name placed on any of the aforesaid accounts or investment vehicles.

Charge Two alleges that the respondent engaged in conduct adversely reflecting on his fitness to practice as a lawyer by breaching his fiduciary duty by failing to advise Ms. Fonte to seek the advice of independent counsel and aiding her in the preparation of documents which bestowed a financial interest upon the respondent, in violation of Code of Professional Responsibility DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7]).

With respect to one or more of the financial accounts or investment vehicles set forth in Charge One, the respondent aided Ms. Fonte in opening accounts or attempting to transfer Ms. Fonte's assets into investment vehicles which would benefit him.

Charge Three alleges that the respondent engaged in an impermissible conflict of interest by continuing employment when the exercise of his professional judgment on behalf of a

client was, or reasonably may have been, affected by the respondent's own financial, business, property, or personal interests, in violation of Code of Professional Responsibility DR 5-101 (22 NYCRR 1200.20).

Charge Four alleges that the respondent engaged in conduct involving dishonesty, fraud, deceit, or misrepresentation by making false or misleading sworn statements to the petitioner, in violation of Code of Professional Responsibility DR 1-102 (a) (4) (22 NYCRR 1200.3 [a] [4]).

The respondent testified at the petitioner's offices on December 9, 2003. One or more of the following sworn statements he made were false or misleading: the respondent denied assisting Ms. Fonte in opening the JB Hanauer securities account as joint tenants and that, with respect to the Dime Savings Bank/Washington Mutual accounts, although the respondent testified that he did not want a power of attorney, when he discovered that he had one, he questioned the bank and was told by the bank representative that he had the power of attorney because Ms. Fonte had requested and filled out a bank form giving him power of attorney.

Based on the evidence adduced, the Special Referee properly sustained all four charges. Accordingly, the petitioner's motion to confirm the Special Referee's report is granted and the respondent's cross motion is denied.

In determining an appropriate measure of discipline to impose, the petitioner notes that the respondent was previously issued a reprimand, after a subcommittee hearing, based upon charges of overreaching and engaging in an impermissible conflict of interest. The petitioner specifically found that the respondent had his client sign a power of attorney, which was not necessary with respect to the matter for which he was retained. Without informing his client, the respondent intentionally and wrongfully "attempted to use the situation to [his] own benefit and attempted to co-broke [the] client's residence." Subsequent to the revocation of the power of attorney, the respondent presented his client with a bill for this. The prior sanction is of a similar nature to the misconduct involved herein and supports the conclusion that the respondent knew or should have known that it was improper for him to acquire an interest in the financial assets of a client at the time that he did so in relation to Ms. Fonte.

The respondent's surreptitious behavior and efforts to avoid dealing with others who wished to inquire about his involve-

ment with Ms. Fonte underscore his overreaching in this matter. The petitioner maintains that Ms. Fonte's patently inaccurate testimony in the respondent's presence demonstrates her fear of the respondent. There is substantial evidence of overreaching by the respondent with respect to his elderly client.

Under the totality of circumstances, the respondent is suspended from the practice of law for a period of five years.

PRUDENTI, P.J., FLORIO, MILLER, SCHMIDT and KRAUSMAN, JJ., concur.

Ordered that the petitioner's motion to confirm the report of the Special Referee is granted; and it is further,

Ordered that the respondent's cross motion to disaffirm the report of the Special Referee and to dismiss the petition is denied; and it is further

Ordered that the respondent, Gregory DeSousa, is suspended from the practice of law for a period of five years, commencing December 1, 2006, and continuing until the further order of this Court, with leave to the respondent to apply for reinstatement no sooner than six months before the expiration of the five-year period, upon furnishing satisfactory proof that during that period he (1) refrained from practicing or attempting to practice law, (2) fully complied with this order and with the terms and provisions of the written rules governing the conduct of disbarred, suspended and resigned attorneys (22 NYCRR 691.10), (3) complied with the applicable continuing legal education requirements of 22 NYCRR 691.11 (c), and (4) otherwise properly conducted himself; and it is further,

Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until the further order of this Court, the respondent, Gregory DeSousa, shall desist and refrain from (1) practicing law in any form, either as principal or agent, clerk or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law.

Ordered that if Gregory DeSousa, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).